**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 30 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESSICA LITTLEJOHN, on behalf of herself, all others similarly situated, and the general public, | No.   19-55805 |
| Plaintiff-Appellee, | D.C. No. 3:18-cv-00658-AJB-WVG |
| v. | |
| | MEMORANDUM* |
| JAMES COPLAND, | |
| Objector-Appellant, | |
| v. | |
| FERRARA CANDY COMPANY, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted June 1, 2020**
Pasadena, California

---

      *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      **    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  CALLAHAN and NGUYEN, Circuit Judges, and R. COLLINS,*** District Judge.

Plaintiff-Appellee Jessica Littlejohn, representing a class of SweeTARTS candy purchasers, sued Defendant-Appellee Ferrara Candy Company ("Ferrara"), the maker of SweeTARTS, challenging the company's claim that its product contains "no artificial flavors."  Littlejohn argued that SweeTARTS contain "dl-malic" acid, a commercially manufactured flavoring ingredient, rendering the "no artificial flavors" claim false and misleading.  On behalf of the class, Littlejohn sought injunctive relief as well as restitution and damages based on the "price premium" class members paid for "an artificially-flavored product that was worth less than the naturally-flavored product promised by the labels."  Ferrara responded that dl-malic acid is a "flavor enhancer," not a flavor, and that the company therefore has not misrepresented its product's ingredients.

The parties entered a settlement agreement ("Settlement") requiring Ferrara to remove the phrase "no artificial flavors" from SweeTARTS packages and to identify dl-malic acid as an ingredient.  Ferrara agreed to pay $272,000 in attorney's fees, but the Settlement provided no compensation for class members, who were required to waive all future claims.  Instead, class members received the

***    The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

same benefits as those who "opted out" of the Settlement: both groups would now be able to "make a learned judgment" about purchasing SweeTARTS products in the future.

Objector-Appellant James Copland, a class member, objected to final approval of the Settlement, arguing that "[t]he purported injunctive relief had no settlement value" and that "valueless injunctive relief" could not justify "class counsel's disproportionate fee."

The district court rejected Copland's objection and approved the Settlement. First, it noted "the weaknesses" in the case "along with the strengths of [Ferrara's] defenses and the obstacles to class-wide recovery," including the risk that the class might take nothing at trial. Second, it concluded that modification of SweeTARTS' packaging and advertising "adequately addresses the very claims raised in Plaintiff's Complaint, provid[ing] value to the Class." Third, it concluded that the fee award, which represented the class counsel's lodestar "plus a modest 1.489 multiplier," was reasonable and justified based on multipliers used in comparable litigation, "the excellent results obtained, the experience and skill of Counsel, the complexity of issues, the risk of non-payment and preclusion of other work, and the reaction of the Class."

Copland timely appealed. We have jurisdiction under 28 U.S.C. § 1291. Reviewing the district court's approval of the Settlement and its award of

3

attorney's fees for an abuse of discretion, *see In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 940 (9th Cir. 2011) ("*Bluetooth*"), we affirm.[1]

The district court complied with Rule 23(e) of the Federal Rules of Civil Procedure, which requires a fairness hearing and a determination that a settlement is "fair, reasonable, and adequate." *Id.* at 946 (quoting Fed. R. Civ. P. 23(e)(2)). Consistent with our precedent, the district court determined that the Settlement was "fair, reasonable, and adequate" by considering

> (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement.

*Id.* (quoting *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)). We hold that the district court applied the correct legal framework and did not abuse its discretion in approving the Settlement.

Copland argues that reversal is required under *Koby v. ARS National Services, Inc.*, 846 F.3d 1071, 1081 (9th Cir. 2017), where we held that a class action settlement of claims under the Fair Debt Collection Practices Act should not have been approved because it provided "worthless injunctive relief." But there,

---

[1] Because the parties are familiar with the facts of this case, we do not discuss them further here.

4

neither the class members nor the non-class members received any real benefit because they were equally likely to be contacted by the debt collector in the future and the debt collector had already voluntarily changed its practices in the manner required by the settlement before the settlement was signed. *Id.* at 1079–80. Here, the district court found—and Copland does not dispute—that SweeTARTS purchasers tend to be repeat buyers who would derive value from the Settlement's injunctive relief upon each future purchase of SweeTARTS. Furthermore, Copland presented no evidence that Ferrara had already changed, or was planning to change, its labeling practices prior to agreeing to the Settlement.

The district court's decision is also consistent with *Bluetooth*. In that case, we remanded because the district court made no explicit calculation of a reasonable lodestar amount, did not indicate why an $800,000 attorney's fees award was justified, and did not discuss the value of injunctive relief to the class. *Id.* at 939–45 & n.8. Furthermore, the *Bluetooth* defendants had already voluntarily changed their behavior, and the plaintiffs had sought significant monetary damages for alleged economic injury ($70–$150 per headset). *Id.* Here, the district court (1) made specific, independent findings about its lodestar calculation and the reasonableness of Ferrara's fee request; (2) correctly identified the lack of any significant economic injuries to class members; (3) discussed the significant risk that the class would obtain nothing at trial; and (4) identified the

5

value of the sought-out injunctive relief to class members who were often repeat purchasers of SweeTARTS.  Furthermore, the district court specifically identified and addressed the "warning signs" of collusion set forth in *Bluetooth*, 654 F.3d at 947, and "found no evidence of collusion between [the parties] and their respective counsel."

In sum, the district court reasonably concluded that the Settlement's injunctive relief provided value to the class, and, applying Rule 23(e)(2) and our case law, determined that the Settlement, including the attorney's fees award, was "fair, reasonable, and adequate."

**AFFIRMED.**